COLLINS ET AL.
*vs.*
PORTER
ET ALS.

COLLINS ET AL. *vs.* PORTER ET ALS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The decision of the Supreme Court in the case of *Parker* vs. *Porter et als.*, *ante* 169, confirmed.

This suit was commenced by attachment. The plaintiffs claimed the sum of seven hundred and seventy-six dollars,

They alleged that Porter, Stone & Co., being owners of the steam boats named the Long Branch, Watchman, William T. Barry, and the Star of the West, engaged in transporting freight and passengers from and to sundry ports in the gulf of Mexico and lakes Borgne and Pontchartrain, purchased for the necessities of said boats certain groceries and other merchandise from them at sundry times in the year 1833, and in the month of January, 1834; that within the said periods the defendants purchased many other articles of merchandise from the plaintiffs; that at the special interest and request of Porter, Stone & Co., they had made the defendants many advances of money for the payment of wages of the hands and officers on board of their boats, supplies of necessaries for the boats, and for other purposes, and had paid many orders of Porter, Stone & Co., and of their agents, and several accounts against them for their credit to various individuals within the period mentioned.

EASTERN DIS.
*April*, 1834.

COLLINS ET AL.
*vs.*
PORTER ET ALS

The following order, signed by the judge *a quo*, was entered upon record two days after the petition was filed. " It having been made to appear to my satisfaction that the steam boat seized in the above entitled suit, viz: the Long Branch, is the steam boat transporting the mail from New-Orleans to Mobile, under contract with the government of the United States, the sheriff of the city and parish of New-*Orleans is hereby* ordered *to* discharge her from seizure forthwith."

The plaintiffs appealed from this order.

The following statement of facts was made by the judge. " The order of court releasing the steam boat Long Branch, attached in this suit, and entered on the minutes under the date of February 5, 1834, was made on the *ex parte* application of the defendants on the 4th of February, on the affidavit of Charles Walker, which was filed on the 5th of February. The affidavit was made out of the presence of the plaintiffs, and without their having an opportunity of cross examining the witness. It was sworn to before the judge at Chambers, and the order granted at chambers

54

EASTERN DIS.
*April*, 1834.

COLLINS ET AL
*vs.*
PORTER ET ALS

without notifying the plaintiffs. The plaintiffs had no opportunity of opposing the filing of Walker's affidavit."

The affidavit refered to was in the following words: " *Charles Walker* being sworn, deposeth, that he is the master and commander of the steam boat Long Branch, belonging to the defendants in the above entitled suit; that said defendants have contracted with the Post Master General of the United States, to transport the United States' mail from New-Orleans to Mobile, and that the said steam boat Long Branch is now employed in transporting the said mail under such contract; that said steam boat has been seized and attached in the above suit, and is now in the custody of the sheriff of this court, who detains the same, and thereby impedes and prevents the transportation of said mail agreeably to her contract, and unless said boat be released and taken from the custody of the sheriff, said mail cannot be conveyed and transported at all."

*Buchanan,* for the plaintiffs and appellants, contended that:

1. This case turns upon the same principles with that of *Edward E. Parker* vs. *Porter, Stone & Co.,* decided lately by this court. The seizures of the mail boats under attachment, were made at the same time in the two suits, and the orders releasing the same were simultaneous.

2. The order of court releasing the Long Branch steam boat was illegal, as being made at chambers, and *ex parte.*

3. The order, releasing the steam boat Watchman, was contrary to law.

4. Improper evidence was admitted.

*Carleton* and *Lockett, contra.*

MATHEWS, J., delivered the opinion of the court.

This case is in principle precisely like that of *Parker* vs. *the same defendants,* which was decided during February term last, and must consequently receive a judgment similar to the one then rendered. *Vide ante,* 169.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; that the cause be remanded, to be proceeded in according to law, and that the appellees pay the cost of the appeal.